**John E. HAYES, Appellant,**

**v.**

**Joe NORMAN, Jr., Appellee.**

**No. 76.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 22, 1964.

Rehearing Denied Nov. 12, 1964.

Willis G. Perkin, of Alamia & Perkin, Pharr, for appellant.

James C. Abbott, of Ewers, Toothaker, Ewers, Byfield & Abbott, McAllen, for appellee.

SHARPE, Justice.

This appeal is from a summary judgment rendered in favor of appellee, plaintiff below, against appellant, defendant below, after the trial court severed a cross-action filed by appellant against appellee.

By three points appellant contends that the trial court erred, as follows: (1) in severing appellant's cross-action and docketing same as a separate case, (2) in granting a summary judgment when material issues of fact were allegedly presented, and (3) if summary judgment was proper, in failing to enter an interlocutory judgment in favor of appellee based upon a promissory note and to proceed to trial wtih appellant's cross-action in the same case.

Appellee's suit was for the balance of $6,250.00 allegedly due on a promissory note executed by appellant. Appellant filed answer and the case remained on the docket for several months prior to the filing of appellee's motion for summary judgment. Appellant first filed an answer to appellee's said motion, supported by counter-affidavits. Two days prior to the hearing on said motion the appellant filed a cross-action and counterclaim seeking damages from appellee in the amount of $25,000.00, which appellee moved to sever. The trial judge heard oral argument upon the said motion for summary judgment, took the matter under advisement while he studied the motion, affidavits and depositions, after which he entered an order severing the cross-action, specifically finding that the cross-action had been improperly joined with the instant suit and that it should be filed as a separate cause of action and docketed as a separate suit. Summary judgment was then rendered in favor of appellee on said note and for attorney's fees.

■ Appellant's point one can be sustained only if the trial court abused its discretion in granting the severance of his cross-action and counterclaim. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588 (1955); McGee v. McGee, 237 S.W.2d 778 (Tex.Civ.App.1950, Wr.Ref. n. r. e.); Paul v. Houston Oil Co. of Texas, 211 S.W.2d 345 (Tex.Civ.App.1948, Wr.Ref. n. r. e.).

■ In order for a severance to be proper there must be more than one cause of action involved in the controversy, the severed cause must be one that would be the proper subject of a lawsuit if independently asserted, and the cause of action severed must not be so interwoven as to involve the same identical facts and issues nor, in certain instances, relate to the same

subject matter as the cause from which it is severed. Hall, Severance and Separate Trial in Texas, 36 Texas Law Review 339 (1958), and cases therein cited.

■ The cross-action asserted by appellant was based upon an alleged oral agreement to the effect that when appellee withdrew from a partnership with appellant that appellee represented that he was doing so for the sole purpose of going to Houston, Texas, and would not be in competition with appellant and the other individuals in his partnership; that appellee did not do this but remained in Hidalgo County, Texas, and solicited clients of appellant's partnership and competed with it; all to appellant's alleged damage in the amount of $15,000.00 actual damages and $10,000.00 exemplary damages.

The cross-action and counterclaim asserted by appellant do not contain any matters which would constitute a legal defense to appellee's cause of action based upon a promissory note, but, on the other hand, constitute a separate cause of action sounding in tort.

Rule 41, Texas Rules of Civil Procedure, provides as follows:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately."

The action of the court in ordering severance meets the tests hereinabove mentioned and it also complies with the guide-posts of doing justice, avoiding prejudice, and furthering convenience. Utilities Natural Gas Corp. v. Hill, 239 S.W.2d 431 (Tex.Civ.App.1951, wr. ref. n. r. e.).

Since it appears that appellant's cross-action and counterclaim assert a separate cause of action which can be tried independently and involves issues and facts which are different from those in appellee's suit on a note, we cannot say that there was an abuse of discretion in the severance ordered by the trial court in this case. Appellant's point one is overruled.

Appellant's point two asserts that the trial court erred in granting summary judgment because there were fact issues arising between the parties and it was improper to grant such judgment under the conditions. In reply, appellee asserts that there was no genuine issue as to any material fact insofar as appellee's suit on the note was concerned and appellee was entitled to judgment as a matter of law. We sustain appellee's counterpoint.

Appellee did not raise any question as to the existence of fact issues in connection with appellant's cross-action and counterclaim. His motion for summary judgment related only to his cause of action on the note.

■ An analysis of the pleadings, depositions, affidavits and admissions reflects that appellee was entitled to summary judgment on his note. Counsel for appellant earnestly argues here, as he did in the trial court, that fact issues exist in connection with defenses to appellant's cause of action on the note; however, there is not a single disputed material issue shown to exist which would defeat recovery on the note. Briefly stated, appellant contends that such disputed issues are as follows: (1) whether proper demand had been made by appellant so as to entitle him to attorney's fees, (2) whether appellee had given sufficient notice under the partnership contract to effect a termination of the partnership and to mature the said note, (3) whether all credits

had been given on the note, and (4) if the severance was improper, there are a number of issues with respect to appellant's set-off and counterclaim which could affect or defeat the ultimate recovery of appellant. The summary judgment "evidence" establishes the first three issues against appellant and the fourth issue is immaterial to disposition of this case, since we have held that the severance was properly granted. Appellant's point number two is overruled.

By his point number three, appellant asserts that in the event a summary judgment against him was proper, the trial court should have entered an interlocutory judgment and proceeded to trial on the cross-action.

 It is undoubtedly true that a summary judgment which does not dispose of all the parties and issues in a pending suit is interlocutory and not appealable unless a severance of that phase of the case has been ordered by the court. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200 (1959). However, it is also true that after a proper severance, as in this case, the trial court may enter summary judgment and conclude that phase of the case if he desires to do so. Rule 41, T.R.C.P.; Pure Oil Co. v. Fowler, 302 S.W.2d 461 (Tex.Civ. App.1957, wr. ref. n. r. e.). It was apparent in this case that appellee was entitled to summary judgment on his note and such matter could be, and was, determined promptly, while the matters involved in appellant's cross-action and counterclaim were more complicated and disposition of same might be long delayed. Associated Growers v. Smith, 244 S.W.2d 348 (Tex. Civ.App.1951, n. w. h.); McGee v. McGee, 237 S.W.2d 778 (Tex.Civ.App.1950, wr. ref. n. r. e.). Appellant's point three is overruled.

Appellee, by his counterpoint four, contends that since appellant failed to take exception to the trial court's order of severance, that he cannot now complain of same. The record shows that counsel for appellant objected and affirmatively opposed appellant's motion for severance in the trial court. It was not necessary for him to formally except since he had made his position known to the court. Rule 373, T.R.C.P. Appellee's said counterpoint is overruled.

The judgment of the trial court is affirmed, and, in accordance with Rule 435, Texas Rules of Civil Procedure, judgment is rendered against appellant and the sureties on his supersedeas and appeal bonds for the performance of the judgment of the trial court and for payment of all costs incurred in this court as well as the costs assessed against appellant in the trial court.