NORDHEIM INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

Jimmie JOHNSON, Appellee.

No. 1561.

Court of Civil Appeals of Texas, Corpus Christi.

March 20, 1980.

Randy Trybus, Gates Steen & Associates, Austin, for appellant.

Richard M. Butler, Law Offices of Errol John Dietze, Cuero, for appellee.

## OPINION

NYE, Chief Justice.

This is a delinquent tax suit in which the plaintiff, Nordheim Independent School District, filed its petition for the collection of delinquent ad valorem taxes against defendant, Jimmie Johnson. The State of Texas and the County of De Witt were intervenors. At the conclusion of the trial, the court rendered judgment for the defendant. Only Nordheim Independent School District appeals.

The case was tried to the court without a jury. The school district introduced into evidence certified tax statements showing the total delinquent taxes due for the years 1958 through 1961, and 1969 through 1978. Each year showed a net amount that was due. The property description was listed: "Personal property consisting of farming equipment, automobiles, and/or motor vehicles, and cattle. Total tax of $945.98." A separate certified tax statement for the year 1969 showed a net tax due of $50.59 for "personal property consisting of farming equipment." The school district admittedly based its total tax figures on numerous items of personal property, not specifically listed or assessed. The property was alleged to be owned by defendant and kept within the taxing jurisdiction of the school district.

During the course of the trial, the defendant made a motion for leave to amend his pleadings to include the plea of statute of limitations, barring recovery of delinquent taxes for more than four years. Although the plaintiff objected to the trial amendment, it did nothing else. The school district did not move for a postponement of the trial, a continuance, nor did it withdraw its announcement of ready for trial.

The record shows that the defendant took the stand and admitted that he had some taxable personal property within the school district boundary. He denied owning specific items questioned about by the school district. The defendant specifically denied that he owned a particular tractor, a car, or other farm equipment. Some of the property that he admitted owning was, according to Johnson, property that was located outside of the plaintiff school district's boundary. Evidence of other items of personal property alleged to have been taxable by the plaintiff school district were either not owned by the defendant or not located within the taxing authority's jurisdiction on the applicable date (i. e., January 1) of the taxable year. At the conclusion of the evidence, the trial court requested the plaintiff to give the court a break-down of the amount of taxes levied against each specific piece of personal property in each taxable year that was owned by the defendant and located within the school district's boundary. This was not done by the plaintiff school district. The court then announced that it was unable to enter judgment for any delinquent taxes on any specific property because of the lack of proof and because of the defense of limitation as to other taxes due. The court rendered a take nothing judgment in favor of the defendant. The school district appeals.

■ The school district first complains of the failure of the trial court to file findings of fact and conclusions of law. Rule 297 states that where demand has been made therefor, the judge shall prepare his findings of fact and conclusions of law 30 days before the date for the filing of the transcript in the cause. If the trial judge fails to prepare them, the party so demanding, in order to complain of the failure, shall within 5 days after such period, call the omission to the attention of the judge in writing.

The record shows that the school district failed to comply with this rule. The alleged error is, therefore, waived. *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd).

■ Next, the school district complains that the trial court erred in permitting the defendant to file his trial amendment alleging the affirmative defense of limitations. Tex.Rev.Civ.Stat.Ann. art. 7298 (Supp. 1980), specifically provides that a suit to recover property taxes must be brought within 4 years from the date the same become delinquent. If such suit is not brought within such time, it is subject to the defensive plea of limitations.

The rules of civil procedure provide for amendments to the pleadings where such is called to the court's attention and leave of the court is granted. Where an amendment to the pleadings injects new issues which might surprise the opposing party, the trial court may either deny the amendment or, if the court is satisfied that such amendment has been tendered in good faith, it may grant the amendment. In the latter case, if the opposing party objects and claims surprise, the court may order a delay or continuance, or permit the opposing party to withdraw its announcement of ready for trial in order to permit the opposing party an opportunity to prepare its case. 2 McDonald, Texas Civil Practice § 8.07. See Texas Rules of Civil Procedure, Rules 62, *63*, and 66. Here the school district did not file a motion for continuance, did not claim surprise, and did not seek a postponement in order to prepare its case for trial based on the new pleading. It has, therefore, waived any error. *Kree Institute of Electrolysis, Inc. v. Fageros*, 478 S.W.2d 569 (Tex.Civ.App.—Waco 1972, no writ). We hold that there was no abuse of discretion under these facts.

■ The trial court, in entering its judgment, assessed the court costs against the plaintiff school district. The school district's complaint of this error must be sustained. Article 7343 provides that all laws of this state promulgated for the purposes of collecting delinquent taxes are made available to cities, towns, and independent school districts. Article 7297, which provides that the state and county are exempt from liability from any costs growing out of a collection suit, is also available to school districts. *El Campo Independent School Dist. v. Kimmey*, 571 S.W.2d 865 (Tex.1978); *Nacogdoches Independent School District v. McKinney*, 513 S.W.2d 5 (Tex.1974); *Electra Independent School District v. W. T. Waggoner Estate*, 140 Tex. 483, 494, 168 S.W.2d 645, 653 (1943). Rule 434 permits the Court of Civil Appeals to correct a trial court's judgment and enter the judgment that the trial court should have entered when an error of law is brought to its attention. We, therefore, modify the judgment of the trial court, deleting that portion of the judgment which taxes the cost against the plaintiff Nordheim Independent School District. As modified, the judgment is affirmed.