**Pedro G. RAMIREZ and Ester Longoria Ramirez, Appellants,**

v.

**Roy Lee JOHNSON, Appellee.**

**No. 16418.**

Court of Civil Appeals of Texas, San Antonio.

May 28, 1980.

Rehearing Denied June 25, 1980.

David V. Herin, Max J. Luther, III, Barnhart & Luther, Corpus Christi, for appellants.

Terry A. Canales, Canales & Barrera, Alice, for appellee.

## OPINION

MURRAY, Justice.

Roy Lee Johnson, appellee, brought this action in the district court of Brooks County, Texas, against Pedro G. Ramirez and Ester Longoria Ramirez, appellants, for specific performance of two contracts to sell real property located in Brooks County, Texas. The appellants answered, alleging defenses of misrepresentation and fraud in the inducement, and filed a counterclaim for damages alleging breach of a fiduciary duty owed the appellants by the appellee. The trial court severed the counterclaim for damages from the suit for specific performance, and after a jury trial entered judgment for the appellee for specific performance of the two contracts.

Appellants have perfected an appeal to this court on three points of error. Each point will be discussed separately below.

### Point of Error No. I

During the trial the attorney for the appellee examined appellant, Pedro G. Ramirez, out of the presence of the jury for the purpose of making a record for a bill of exception. At the conclusion of the examination the appellee made a motion for the introduction of the oral testimony taken under the bill of exception to the jury. After the court granted the motion, the court reporter read to the jury the testimony taken under the bill.

The appellants contend that the trial court erred in allowing the testimony taken under the bill of exception to be read to the jury. Specifically, the appellants argue

that the trial court's action denied them the opportunity to cross-examine or object to the questions.

The following was the sole objection to this testimony: "Your Honor, please note our exception to the court's ruling allowing that evidence to be presented to the jury." No objection was made to any portion of the evidence as it was read to the jury. Moreover, appellant, Pedro G. Ramirez, did not thereafter take the stand to explain the testimony elicited under the bill. It is well-settled that a party challenging the admission of evidence should state the particular ground of his objection. Unless the ground of objection is so obvious that it is indicated by a general phrase, an objection in general terms is not sufficient. *See Mueller v. Central Power & Light Co.*, 403 S.W.2d 901, 904 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Turner v. Hodges' Estate*, 219 S.W.2d 522, 524 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n. r. e.). We hold that the objection made to the reading of the bill of exception testimony was not sufficient to apprise the trial court or opposing counsel of the appellants' reason for resisting the evidence. There being no grounds of objection or exceptions stated in the trial court, none is preserved for review on appeal. Point of error no. I is overruled.

### Point of Error No. II

■ Appellants complain that their cause of action for damages was not properly severable from the appellee's suit for specific performance. This point can be sustained only if the trial court abused its discretion in granting the severance. *Hayes v. Norman*, 383 S.W.2d 477, 478 (Tex. Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.).

■ In order for a severance to be proper the controversy must encompass at least two separate and distinct causes of action, and the severed cause must be one that would be the proper subject of a lawsuit if it was independently asserted. *See Kansas University Endowment Association v. King*, 162 Tex. 599, 611–12, 350 S.W.2d 11, 19 (1961).

■ The appellants' counterclaim is not asserted as a defense to the appellee's cause of action for specific performance. Moreover, the severed cause of action sounds in tort rather than in contract. Thus, it is clear that the damages sought by the appellants are separate and distinct from the equitable relief of specific performance sought by the appellee. *See Henry v. Mr. M Convenience Stores, Inc.*, 543 S.W.2d 393, 395 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.); *Hayes v. Norman*, 383 S.W.2d 477, 479 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.).

For the above stated reasons we hold that the trial court was authorized to sever the appellants' claim for damages from the appellee's claim for specific performance. *See* Tex.R.Civ.P. 41. Point of error no. II is overruled.

### Point of Error No. III

■ By their last point of error the appellants contend that the trial court erred in refusing to submit their requested special issues on the affirmative defense of fraud. The requested issues are contained in the appellants' objections to the court's charge, but were never reduced to writing and presented to the trial court and opposing counsel as required by Rule 273, Texas Rules of Civil Procedure. Rule 273 also provides that "[a] request by either party for any instructions, special issues, definitions or explanatory instructions shall be made separate and apart from such party's objections to the court's charge." The failure of appellants to submit their requests in writing separate and apart from their objections to the court's charge results in the requests being waived. *See Templeton v. Unigard Security Insurance Co.*, 550 S.W.2d 267, 269 (Tex.1976); Tex.R.Civ.P. 273.

The judgment of the trial court is affirmed.