Theresa **VAN DYKE**, Appellant,

v.

Gene **VAN DYKE**, Appellee.

No. B2753.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 19, 1981.

John H. Holloway, Huey O'Toole, Boswell, O'Toole, Davis & Pickering, Houston, for appellant.

Eugene A. Cook, Louis H. Salinas, Jr., Butler, Binion, Rice, Cook & Knapp, Robert J. Brill, Brill, Brooks, Gillis & Young, Houston, for appellee.

Before JUNELL, MURPHY and ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This appeal arises from the court's division of property in a divorce proceeding. Appellant, plaintiff in the trial court, has filed a motion to dismiss the appeal, contending that the judgment entered by the trial court is interlocutory and, therefore, not appealable. Originally, appellant complained that the values placed on certain property and the resulting property division were manifestly unjust and inequitable and amounted to an abuse of the trial court's discretion. She further claimed prejudice in presenting her appeal caused by the trial court's late filing of findings of fact and conclusions of law. We view the judgment as final and find no abuse of discretion. The trial court's judgment is affirmed.

After a non-jury trial, appellant discharged the attorneys who initially represented her, and they intervened in the divorce action seeking judgment against both husband and wife. Appellant set up a counterclaim for negligence, fraud, and other liability issues. Appellant requested a bifurcation of these two causes of action, and a jury heard evidence on the amount and reasonableness of the intervenor's attorney's fees and returned a verdict. Thereafter, the trial court entered judgment terminating the marriage, dividing the parties estate, severing both the plea in intervention and the counterclaim, and awarding any recovery or set-off derived from the counterclaim to appellant.

Appellant's motion to dismiss this appeal is based on her belief that the judgment is interlocutory, failing to dispose of all the issues and parties. The question, then, is whether the severance ordered by the trial court effectually made the judgment a final one.

First, we note that Tex.R.Civ.P. 174(b) permits a trial judge to "order a separate trial of any claim, cross-claim, counterclaim, or third party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third party claims, or issues." Appellate review of such an order is limited to a determination of whether the trial judge's order amounted to an abuse of discretion. *Ramirez v. Johnson*, 601 S.W.2d 149 (Tex.Civ.App.-San Antonio 1980, writ ref'd n.r.e.). The trial court, at *appellant's request* and not over her objection as she now claims, ordered a separate trial on the intervenor's cause of action. We find no abuse of discretion therein.

Additionally, we note that the questioned severance occurred at the time judgment was rendered and not at the time the separate trial was ordered. Severance is authorized under Tex.R.Civ.P. 41 and is proper when more than one cause of action is involved in a controversy, the severed cause could be independently asserted, and the facts, issues, and subject matter are not so interwoven as to be inseparable. *Hayes v.*

*Norman,* 383 S.W.2d 477 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.).

In the present case, both intervenor's claim for attorney's fees and appellant's counterclaim could have been independently asserted and neither was inseparable from the facts, issues and subject matter of the divorce action. Furthermore, the record reveals that appellant requested rather than objected to the bifurcation of the two actions, reserving her counterclaim to a later date. Following judgment, appellant perfected her appeal. Only now does she raise an objection to the severance of the two claims from the divorce action. In our view, appellant has waived her right to object at this point, not having timely presented the objection to the trial judge. Therefore, we overrule appellant's motion to dismiss and proceed to the points of error in her appeal.

On December 5, 1980, the presiding judge signed a judgment terminating the 28 year marriage of the parties and dividing their property. Appellant timely requested findings of fact and conclusions of law on December 9, 1980 and filed her motion for new trial on December 12, 1980. The motion for new trial was overruled by operation of law on January 26, 1981 and the court's findings of fact and conclusions of law were filed on March 13, 1981, some sixteen days late and some fourteen days before the transcript was due in the appellate court.

■ In her first point of error, appellant complains of prejudice resulting from the court's failure to timely file findings of fact and conclusions of law. If, after a party has requested the court to prepare findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 296, the trial judge fails to file them within the time specified in Tex.R. Civ.P. 297,[1] that party has five days in which to complain of the failure *in writing.* The record before us shows that the original request was made on December 9, 1980. After that date, the record contains no written complaint of the court's failure as required. Thus, not having complied with the requisites of Rule 297, appellant has waived all right to complain on appeal. *Blair v. Blair,* 434 S.W.2d 943 (Tex.Civ. App.—Dallas 1968, no writ); *Nordheim Independent School District v. Johnson,* 597 S.W.2d 48 (Tex.Civ.App.—Corpus Christi 1980, no writ). Appellant's first point of error is overruled.

■ In her second point of error, appellant complains of the court's failure to make certain specific findings of fact and conclusions of law. Again, however, appellant has failed to comply with the appropriate rule. Tex.R.Civ.P. 298 specifies that a party may request "specified further, additional, or amended findings" within five days of the court's filing of its original findings and conclusions. Again, the record is silent as to such request and appellant has waived her right to complain. *Vanity Fair Properties v. Billingsley,* 469 S.W.2d 453 (Tex.Civ.App.—San Antonio 1971, writ ref'd). Appellant's second point of error is overruled.

Appellant's points of error three through six complain of the trial court's division of property, contending that it is "so against the overwhelming great weight and preponderance of the evidence as to be manifestly wrong and unjust."

■ Tex.Fam.Code Ann. § 3.63 (Vernon 1975) provides: "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." In making this division, the trial judge is given wide discretion which will not be disturbed on review unless there is a clear showing of abuse. *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975). An appellate court will "indulge every reasonable presumption in favor of a proper exercise of discretion of the trial court in dividing the property of the parties." *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

---

1. Although the rule was amended, effective January 1, 1981, this requirement is substantially the same in the original rule and amended rule.

In the property division herein complained of, the court awarded each party some property outright, divided some property equally, and divided the major community income producing assets 57% to Theresa Van Dyke and 43% to Gene Van Dyke. Appellant urges the disparate earning powers of the parties as warranting an unequal division. However, although earning capacity is among the factors so clearly outlined in *Waggener v. Waggener*, 460 S.W.2d 251 (Tex.Civ.App.1970, no writ), we would point out that these are "points of inquiry upon which evidence should be accepted and tested by a trial court in making an equitable division of the property . . . ." Nowhere does Waggoner say that disparate abilities alone warrants an unequal division. Moreover, of the community estate divided here, appellant has already received a greater share. In addition, appellant will continue to benefit from the income producing ability of appellee since she shares ownership of the income producing properties which appellee manages.

Appellant also continues to complain that appellee fraudulently misappropriated property. Nevertheless, in his findings of fact, the trial judge found that appellee "did not commit fraud on the community . . . by reason of his handling and expenditure of community funds." He also concluded as a matter of law that there was "no pleading or evidence of record . . . to support even an inference of fraud or mismanagement of the community estate by Gen [sic] Van Dyke." A review of the record before us supports the judge's conclusions on this point.

Appellant further complains of the court's valuations of antique furniture and clothing in her possession but concedes in her brief that certain exhibits and inventories were introduced into evidence without objection. The valuations to which appellant now objects are based on appellee's inventories. Appellant is correct in assuming that the proper time for objection to these valuations was at trial. Points of error three through six are overruled.

The judgment is affirmed.