Juan Jose MONTES, Appellant,

v.

LAZZARA SHIPYARD, Appellee.

No. 13–82–144–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 1, 1983.

Peter Steiner, Corpus Christi, Tom Andrews, Aransas Pass, for appellant.

Tom Hermansen, Daniel D. Pipitone and James F. Buchanan, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is a premises liability case. Juan Jose Montes brought an action to recover for personal injuries he sustained as a result of a fall from a ladder at the Lazzara Shipyard. Lazzara requested and the court permitted a third party action against Armando Rios, Montes' employer. Finding that Montes was 100% negligent, the jury absolved Rios and Lazzara from any liability. Montes appeals from this judgment on twelve grounds. We affirm.

Many of the points of error involve the adequacy of the appellate record, which was provided without cost to the appellant, under Tex.R.Civ.P. 380. Montes contends that the statement of facts in narrative form does not permit him to demonstrate errors in the trial proceedings. Since we dispose of some of his arguments for reversal by noting that no error is shown in the record, his contention that the narrative version is inadequate may very well be correct. Thus, the question presented is whether an indigent has a right to appellate process and more specifically to a statement of facts in question and answer form in a civil case.

■ The appellant argues that the provision of Rule 380 which requires that the free statement of facts prepared for paupers be in a narrative form unconstitutionally discriminates against poor persons. He refers us to *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), which held that indigents seeking divorces must be given access to the courts. In deciding that it would be a denial of due process to restrict divorce proceedings to those who could afford to pay, the Supreme Court expressly limited its holding to the case before it. *Boddie*, supra, at 382, 91 S.Ct. at 788.

Subsequent decisions have reinforced the Court's position that the right to adjudicative determination of civil disputes is ex-

tremely limited. *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), held that there is no constitutional right to obtain a discharge of one's debts in bankruptcy. The Court emphasized that *Boddie* was exceptional because it involved the fundamental right of marriage and that there was no means of resolving the problem without access to the courts. *Kras*, supra, at 444, 93 S.Ct. at 637. In *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), the Court held that welfare recipients whose benefits were terminated at the trial level and who were unable to pay the filing fee for an appeal were not being denied due process or equal protection. It appears that the Supreme Court has decided to give the *Boddie* decision a very narrow application which would not extend to the appeal of a suit not involving a fundamental right or a dispute soluble only by access to the courts. We, therefore, conclude that the measures which make an appeal available to Texas indigents meet Constitutional requirements. The seventh point of error is overruled.

■ Among the points of error which are not substantiated by the record as it appears before us are the sixth, tenth and eleventh. The sixth point maintains that the trial court impermissibly restricted the appellant's right to impeach two defense witnesses. Although the record reveals that there was some discussion regarding this matter, we are unable to determine what was said. Consequently, we must presume that the trial court acted properly. See *Gordy v. Morton*, 624 S.W.2d 705, 707 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Dorfman v. Dorfman*, 457 S.W.2d 417, 421 (Tex.Civ.App.—Texarkana 1970, no writ).

The tenth point of error concerns the brief time limit for final argument imposed by the trial court. Nothing in the record reveals the amount of time allotted. Therefore, we will presume the trial court correctly exercised its discretion by permitting adequate time to both sides. *Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596, 600 (1953).

The eleventh point of error is based on the trial court's refusal to impose sanctions against Lazzara. The appellant maintains that Lazzara gave notice of a deposition but failed to subpoena the witness. Since the witness failed to appear, the appellant's attorney wasted time and money in traveling to the place where the deposition was to be held. Montes filed a motion requesting reasonable attorney's fees and transportation costs. He now states that this motion should have been granted under Tex.R. Civ.P. 215b.

When a party has not procured the attendance of a deposition witness because of a failure to issue a subpoena, Rule 215b authorizes the trial court to order him to pay reasonable costs to his opponent. The record does not disclose whether the appellee subpoenaed its witness nor is there any transcription of the hearing on the motion. Therefore, we are unable to review the propriety of the trial court's actions. The eleventh point of error is overruled.

■ The record does present a more complete view of the situation which led to sanctions against the appellant. Montes sent Lazzara requests for admissions. Lazzara responded to many of these requests by saying that they could neither admit nor deny them because they had insufficient information. Most of the requests which elicited this type of reply concerned the necessity and reasonableness of the appellant's medical expenses. Upon receipt of these answers, the appellant filed a motion for sanctions, contending that the appellee could easily admit or deny its requests. After a hearing, the court determined that the appellant inquired into matters which were not the proper subjects for requests for admissions and that the request for sanctions was made without justification. The court ordered the appellant to pay the appellee's expenses in opposing the motion for sanctions. The appellant now contends that the court abused its discretion by entering this order.

Tex.R.Civ.P. 169 establishes the procedures to be utilized in making requests for admissions. This rule provides that the re-

questing party may move to determine the sufficiency of the answers and that expenses incurred in relation to the motion are to be awarded in accordance with Tex. R.Civ.P. 215a. If a motion to compel answers is denied and the court finds that the motion was made without substantial justification, Rule 215a authorizes the court to assess reasonable expenses against the movant. Since the court followed established procedure, the issue is whether the court abused its discretion in finding that the appellant's motion for sanctions was unjustified because his requests for admissions were improper.

As we have noted, the requests which Lazzara said it could neither admit or deny all dealt with the reasonableness and necessity of the appellant's medical expenses and genuine character of the medical bills. This matter was clearly beyond Lazzara's knowledge. We find no abuse of discretion in the trial court's conclusion that the requests for admissions were improper, thereby making the motion for sanctions unjustified. The fifth point of error is overruled.

The fourth point concerns the admission into evidence of the appellant's criminal record. Montes did file a motion in limine requesting that no reference to his criminal background be allowed at trial. The trial court denied this motion. When the appellant testified, his criminal history was brought to light by Lazzara. From the record before us it appears that there were no objections until after the entire list of arrests and convictions was read.

■■■ When a trial court has overruled a motion in limine, the party seeking to exclude the evidence still must object when the testimony is offered at trial. *K-Mart No. 4195 v. Judge,* 515 S.W.2d 148, 152 (Tex.Civ.App.—Beaumont 1974, writ dism'd); *St. Paul Fire & Marine Ins. Co. v. Escalera,* 385 S.W.2d 477, 480 (Tex.Civ.App. —San Antonio 1964, writ ref'd n.r.e.). In order to be considered on appeal, an objection to the admission of evidence must be made when the evidence is offered, not after it has been received. *Harry Brown, Inc. v. McBryde,* 622 S.W.2d 596, 600 (Tex.

App.—Tyler 1981, no writ). From what we can discern from the record, the appellant's objections were not timely. The fourth point of error is overruled.

■■ To address the remainder of the appellant's contentions necessitates a brief summary of the facts. Montes was employed as a crew member on a barge, the *Duck Blind,* which was being repaired at the Lazzara Shipyard in November of 1978. It was customary for crew members to come to the shipyard to assist in the repair of their vessels. Montes stated that his captain, Armando Rios, told the crew to assist in repairs. Captain Rios testified that he instructed the appellant not to come to work that day. Even so, Montes did go to the shipyard and attempted to board the *Duck Blind* by means of a ladder which was leaning against the barge. This ladder was the property of Lazzara and was damaged. Captain Rios had taken it from one of Lazzara's buildings. He said that he could see that it was broken and used it at his own risk. When Montes used it, it collapsed. He fell and sustained injuries.

The appellant's claim was that Lazzara negligently left a defective piece of equipment in a place where it could be used by crew members and that this negligence was a proximate cause of his injuries. The defense was that the damages were caused by Montes' own contributory negligence, specifically that his failure to keep a proper lookout caused him to use the ladder in spite of its obvious danger. The jury apparently accepted this view because they found Montes 100% negligent.

The appellant now contends that the verdict is against the great weight and preponderance of the evidence. Weighing all of the evidence as we are required to do when confronted with a challenge to its sufficiency, *Burnett v. Motyka,* 610 S.W.2d 735 (Tex. 1980), we cannot agree with the appellant's contention. Actually, answering his argument requires reference to a legal principle rather than a discussion of the facts. Montes claims that the jury's failure to award damages is against the great weight and preponderance of the evidence since he

did sustain an injury. The difficulty with this argument is that the jury found no liability, thus making the damage issue irrelevant. The eighth ground of error is overruled.

■ Points of error one, two and three all deal with the court's charge. The appellant complains that the court erroneously instructed the jury that the appellant was a licensee or trespasser rather than an invitee on Lazzara's premises and that the court refused to allow testimony regarding the customary practice of permitting crew members to work at the shipyard. As the appellee points out, neither of these actions could have resulted in the rendition of an improper judgment in light of the jury's finding that Montes was 100% negligent. Even if the trial court acted erroneously, there would still be no reason to reverse its judgment. Tex.R.Civ.P. 434. We do not agree, however, that there was error.

■ The only reason for determining the appellant's status as a licensee or invitee was to ascertain the correct standard of care which Lazzara owed him. The trial court held Lazzara to the highest duty (owed to invitees) by instructing them to make a finding on Lazzara's negligence, rather than using the gross negligence standard which applies to licensees. Therefore, any error in describing the appellant as a licensee was neutralized by the remainder of the charge.

There was testimony that it was customary for deck hands to assist in vessel repair. The appellant's complaint that this evidence was excluded is unfounded. The extension of this argument that the jury could have used this evidence to decide whether he was a licensee or invitee is without merit for the reasons discussed in the previous paragraph.

We have examined all of the appellant's points of error and we find none which requires reversal. The judgment of the trial court is affirmed.