# NO. 12-18-00148-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLAUDE E. WELCH,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JEREMY CREW,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Claude E. Welch appeals from the trial court's judgment against him and in favor of Jeremy Crew. In eleven issues, Welch contends the evidence is legally and factually insufficient to support the trial court's judgment. We affirm.

## BACKGROUND

On June 24, 2009, Welch and Crew executed an "Office Lease and Case Referral Agreement," which went into effect on July 1, 2009. Per the agreement, Crew rented office space and amenities from Welch for $1,000 per month. The monthly rent was required to be paid half in cash and half via five hours of contract services. Welch was not required to request Crew perform contract services. Under the contract, if Crew performed less than five hours of contract work in a month, the deficient amount rolled over to the following month and accumulated monthly.

The lease terminated on January 1, 2012, when Crew purchased the building from Welch. After purchasing the building, Crew allowed Welch to store personal belongings in an unused portion of the building rent-free. At that time, 127.70 hours of service had accrued that Welch never requested Crew perform. When Welch owner-financed the building purchase, he did not seek to collect the hours of service or any amount of back rent from Crew.

The relationship between the men deteriorated in 2013, and Crew obtained a loan to pay the balance of the promissory note. Welch did not attempt to collect back rent when calculating the payoff amount for the loan. Their relationship deteriorated further when Crew wished to open a business in the building and asked Welch to vacate the premises. Welch refused, and Crew filed an eviction action. Welch was evicted in May 2014. In October 2014, Welch demanded Crew pay him for the contract services owed as a result of the 2009 lease and subsequently filed suit for breach of contract based on the unpaid rent. In an amended answer, Crew asserted numerous affirmative defenses.

The matter proceeded to a bench trial. At trial, Welch and Crew offered different interpretations of the rental agreement. Welch claimed the agreement entitled him to (1) the full amount of the rent, regardless of whether he ever requested contract services from Crew, and (2) the value of the services that were not performed. Crew disagreed and testified that he was only obligated to provide contract services and not money. The trial court issued a letter judgment in favor of Crew, and in accordance with the trial court's order, Crew filed a take-nothing judgment. The trial court made no findings of fact or conclusions of law. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first three issues, Welch challenges the legal and factual sufficiency of the evidence to support the trial court's determination that Crew did not breach the contract. In his fifth through eleventh issues, he challenges the legal and factual sufficiency of Crew's affirmative defenses.[1]

**Standard of Review**

In an appeal of a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict, and we review the legal sufficiency of the evidence used to support them just as we would review a jury's findings. *See **In re Doe***, 19 S.W.3d 249, 253

---

[1] In his fourth issue, Welch contends the trial court erred in allowing Crew to file an untimely amended answer. Crew's second amended answer was filed five days prior to trial. Welch objected, alleging that the answer was prejudicial because it raised two new defenses. The trial court overruled his objection. However, when asked if he wanted a continuance, Welch's counsel responded, "No, we are ready." As a result, Welch waived this issue. *See **Nordheim Ind. School Dist. v. Johnson***, 597 S.W.2d 48, 50 (Tex. Civ. App.—Corpus Christi 1980, no writ) (school district waived any error regarding trial amendment by failing to file a motion for continuance, claim surprise, and seek a postponement in order to prepare its case for trial based on the new pleading); *see also **Beneficial Personnel Servs. of Tex., Inc. v. Rey***, 927 S.W.2d 157, 165 (Tex. App.—El Paso 1996), *vacated pursuant to settlement*, 938 S.W.2d 717 (Tex. 1997) (even if appellants were prejudiced or surprised by trial amendment, they were offered accommodation by the trial court in form of one-day continuance, which they refused, waiving any claimed error).

(Tex. 2000). The trial court acts as fact finder in a bench trial and is the sole judge of the credibility of witnesses. *See Murff v. Murff*, 615 S.W.2d 696, 700 (Tex. 1981).

In conducting a legal sufficiency review of the evidence, we must consider all the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding, if a reasonable fact finder could consider it, and disregard evidence contrary to the finding, unless a reasonable fact finder could not disregard it. *Id.* at 827; *Brown v. Brown*, 236 S.W.3d 343, 348 (Tex. App.–Houston [1st Dist.] 2007, no pet.). If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, the fact finder must be allowed to do so. *City of Keller*, 168 S.W.3d at 822; *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). We will sustain a legal sufficiency or "no evidence" challenge if the record shows one of the following: (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810.

More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded jurors to differ in their conclusions. *Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). Any ultimate fact may be proved by circumstantial evidence. *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993). A fact is established by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts proved in the case. *Id.* Evidence that is so slight as to make any inference a guess is in legal effect no evidence. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Moreover, under the equal inference rule, a factfinder may not reasonably infer an ultimate fact from meager circumstantial evidence which could give rise to any number of inferences, none more probable than another. *See Hancock v. Variyam*, 400 S.W.3d 59, 70–71 (Tex. 2013).

When a party attacks the factual sufficiency of an adverse finding on an issue on which it has the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)). In a factual sufficiency

review, we consider and weigh all of the evidence, and will set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.* (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)).

## Breach of Contract

In his first, second, and third issues, Welch argues that the evidence is legally and factually insufficient to support the trial court's rejection of his interpretation of the contract and the trial court's implied finding that Crew did not breach the contract

The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance, (3) breach of the contract, and (4) damage as a result of the breach. *See Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex. App.–Tyler 2004, pet. denied). A breach of contract occurs when a party to the contract fails or refuses to do something that it has promised to do. *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.–Houston [1st Dist.] 2009, pet. denied).

The Office Lease and Case Referral Agreement contained the following provision:

> 2. Rent. Mr. Crew shall pay to Mr. Welch a monthly rental of One Thousand Dollars ($1000.00), which shall consist of two components: Cash and contract services. The cash component shall be Five Hundred Dollars ($500.00). The contract services component shall consist of five (5) hours of legal services to be rendered to Mr. Welch, with each hour of legal services valued at One Hundred Dollars ($100.00) per hour. The parties understand that there is no guarantee to the amount of contract work, if any, Mr. Welch will provide. In the event contract services do not equal five (5) hours during the month then the hours will be carried over onto the next month and thereafter accumulate monthly until the obligation is satisfied. Further, Mr. Crew shall have the option to substitute full or partial cash payment in lieu of contract services to satisfy the total rental obligation. In the event the contract services exceed five (5) hours during the month then Mr. Welch shall pay to Mr. Crew an hourly rate to be mutually agreed upon at that time for each additional hour above five (5) hours. When possible, the maximum time to be spent on each contract project will be predetermined. Mr. Crew shall retain the right to reasonably refuse any such contract project unless his monthly rental payments include an offset for services rendered to Mr. Welch.

Welch argues that this portion of the rental agreement entitled him to receive $1,000.00 per month, whether that be in the form of cash or contract services. He further argues that he was entitled to receive cash in exchange for the contract services that were not performed. Welch maintains that he is due $12,770 in back rent because of the 127.70 hours that Crew failed to work. Crew, on the other hand, argues that the rental agreement did not allow Welch to trade money for contract services. Crew contends that Welch was only entitled to the hours he requested Crew work and

4

nothing further. As a result, he claims he does not owe Welch the value of the work not performed. We agree with Welch.

A contract is not ambiguous merely because the parties disagree about its meaning and may be ambiguous even though the parties agree it is not. *URI, Inc. v. Kleburg Cty.*, 543 S.W.3d 755, 763 (Tex. 2018). If a written contract is so worded that it can be given a definite or certain legal meaning when so considered and as applied to the matter in dispute, then it is not ambiguous. *Id.* at 765. A contract is ambiguous only if it is subject to more than one reasonable interpretation. *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012). Both the presence of ambiguity and interpretation of an unambiguous contract are questions of law reviewed de novo using well-settled contract-construction principles. *URI*, 543 S.W.3d at 763.

In construing a contract, we must ascertain and give effect to the parties' intentions as expressed in the writing itself. *El Paso Field Servs.*, 389 S.W.3d at 805. To determine the parties' intent, we examine and consider the entire writing to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Id.*; *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 214 (Tex. 2011). We begin our analysis with the contract's express language. *El Paso Field Servs.*, 389 S.W.3d at 805–06. We give terms their plain and ordinary meaning unless the contract indicates that the parties intended a different meaning. *Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009). No one phrase, sentence, or section of a contract should be isolated from its setting and considered apart from the other provisions. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994). To the extent of any conflict, specific provisions control over more general ones. *NuStar Energy, L.P. v. Diamond Offshore Co.*, 402 S.W.3d 461, 466 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Forbau*, 876 S.W.2d at 133–34.

The language of the rental agreement is clear and unambiguous. The contract obligated Crew to pay $1,000 per month. That obligation consisted of two components: $500 cash and five hours of contract services valued at $100 per hour. The agreement expressly stated that there was no guarantee as to the amount of contract work, if any, Welch would provide for Crew to perform. The contract set forth additional provisions addressing a situation in which the amount of contract services varied, including: (1) if contract services failed to equal five hours, the hours would be carried over onto the next month and thereafter accumulate monthly until the obligation was satisfied; and (2) Crew could substitute full or partial cash payment in lieu of contract services to

satisfy the total rental obligation. Accordingly, the contract clearly contemplated Crew's satisfaction of the entire rental obligation.

At trial, Welch testified that Crew was deficient by 127.70 hours of performance, or $12,770 in unpaid rent. Crew agreed that he did not perform 127.70 hours of contract services because they were not requested, but he admitted there was no guarantee that Welch would provide any work. With respect to the five hours of monthly contract labor, he acknowledged that this portion of the monthly rental obligation could be satisfied by performing the work or by buying out the hours. However, he contends the agreement did not require that he satisfy the obligation in monetary form. As discussed above, the contract states that Welch was entitled to $1,000 per month in rent, be that by $500 cash each month plus (1) five hours of contract services each month, (2) the accumulation of contract hours until satisfaction of the obligation, or (3) Crew's cash payment in lieu of contract services. Only when the agreement terminated did Welch know the amount of back rent owed, and by his own admission, Crew was deficient in the amount of 127.70 hours; thus, he breached the contract by failing to fulfill the contract's entire rental obligation through satisfaction of accumulated hours or cash in lieu of services as contemplated by the contract. Although Crew may not have been required to satisfy the obligation monetarily during the life of the agreement, the contract does not preclude Welch from recovering the cash value of services not rendered in breach of the agreement. To hold that Welch is not entitled to the full $1,000 monthly rental obligation would be contrary to the express terms of the agreement.

Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that reasonable and fair-minded people could not reach the conclusion that Crew failed to breach the contract. *See* ***City of Keller***, 168 S.W.3d at 827. Thus, the evidence is legally insufficient to support an implied finding that Crew did not breach the contract and we need not address the factual sufficiency of the evidence. *See* TEX. R. APP. P. 47.1. We sustain Welch's first, second, and third issues.

**Affirmative Defenses**

In issues five through eleven, Welch challenges the sufficiency of the evidence to support implied findings on Crew's affirmative defenses. Because it is dispositive, we begin by addressing Welch's ninth issue, in which he challenges the legal and factual sufficiency of the evidence to support an implied finding that his breach of contract claim was defeated by waiver.

6

Waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987); *U.S. Fid. & Guar. Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 357 (Tex. 1971). Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.,* 1 S.W.3d 108, 111 (Tex.1999). There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Maryland Cas. Co. v. Palestine Fashions, Inc.,* 402 S.W.2d 883, 888 (Tex. 1966). A party's silence or inaction for a period of time long enough to show an intention to relinquish the known right may be sufficient to prove waiver. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 722 (Tex. App.—Dallas 2004, no pet.); *Horton v. DaimlerChrysler Fin. Servs. Ams., L.L.C.*, 262 S.W.3d 1, 6 (Tex. App.—Texarkana 2008, no pet.).

The rental agreement became effective in July 2009. Throughout the term of the lease, Crew timely paid the cash portion of the rent and performed any service hours assigned. Throughout the duration of the agreement, Welch never requested Crew pay cash to satisfy the contract services portion of the rent. The lease terminated on January 1, 2012, when Crew purchased the property. Yet, the record does not indicate that Welch asserted any right to payment for incomplete services at this time. During negotiations for the purchase of the property, Welch never mentioned Crew owed any back rent. When Welch agreed to owner-finance the property, he did not include the $12,770 of back rent in the purchase price. In the summer of 2013, after the relationship between the men began to sour, Crew obtained a bank loan to pay off the promissory note owed to Welch. Welch did not include the back rent in the payoff total. Crew filed an eviction action against Welch in October 2013 after Welch refused to remove his belongings from the building. During the eviction action, Welch again failed to mention any back rent owed. Not until October 2014 did Welch claim any entitlement to back rent.

A factfinder reasonably could conclude that Welch's actions in failing to take any steps to enforce his rights under the contract or to seek payment, until more than a year after the contract terminated, exhibit a lack of intent to rely on any right to payment and are inconsistent with a creditor who is owed more than $12,000 in back rent. Thus, based on the surrounding facts and circumstances, the trial court could reasonably conclude that Welch either intentionally

relinquished a known right or engaged in intentional conduct inconsistent with claiming that right. *See Motor Vehicle Bd.*, 1 S.W.3d at 111; *see also Benton*, 728 S.W.2d at 37; *U.S. Fid. & Guar. Co.*, 464 S.W.2d at 357. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is legally sufficient to support the trial court's implied finding that Welch waived his claim to back rent. *See City of Keller*, 168 S.W.3d at 824. Such a finding is not so weak or against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242. Because the evidence is sufficient to support the affirmative defense of waiver, the trial court's failure to find a breach of contract does not result in reversal. We overrule Welch's ninth issue and need not address issues five through eight and ten through eleven regarding Crew's other affirmative defenses. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having determined that Crew breached his contract with Welch and sustained Welch's first, second, and third issues, but having overruled his ninth issue on Crew's affirmative defense of waiver, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered December 12, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2018**

**NO. 12-18-00148-CV**

**CLAUDE E. WELCH,**
Appellant
V.
**JEREMY CREW,**
Appellee

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. CV-03620-14-11)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **CLAUDE E. WELCH,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*