Wink **KOPCZYNSKI**, Appellant,

v.

Jack **MILLSAP**, d/b/a Standard Service, Appellee.

No. 6323.

Court of Civil Appeals of Texas, El Paso.

May 16, 1973.

**934**

Turpin, Smith, Dyer, Harman & Osborn, Joseph Connally, Odessa, for appellant.

Roy L. Bell, Odessa, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is an appeal from a Summary Judgment. Jack Millsap, d/b/a Standard Service, Plaintiff-Appellee, filed suit against Wink Kopczynski, Defendant-Appellant, on a sworn account. The trial Court entered a summary judgment for the Plaintiff in the amount of $12,639.55. We reverse and remand.

Plaintiff's cause of action was against the Defendant, individually and as a partner with Bill Blackburn, for materials furnished over a period of time which were evidenced by copies of invoices attached to Plaintiff's Petition. Defendant's original answer was an unsworn general denial and contained what was termed a cross-action against one William Fred Blackburn and Wes-Tex Drilling Company for indemnification. Thereafter, the Defendant filed a sworn general denial.

Written interrogatories were filed and answers returned by both parties. The Defendant attached a copy of a written drilling contract executed by Wes-Tex as "owner" and under "contractor," the signatures of Bill Blackburn and the Defendant appear. In answer to the interrogatories the Defendant stated that he did not participate in any of the transactions under the contract and was not and had not en-gaged in any operations with Blackburn. Other written interrogatories were filed, and Plaintiff, in answer to the questions propounded by the Defendant, asserted that the goods shown on the invoices were furnished by the Plaintiff to Blackburn with the "full understanding" that the accounts were guaranteed by the Defendant.

On September 14, 1972, the Plaintiff filed a Motion for Summary Judgment. The Court set a hearing on the motion for September 25, 1972. The Defendant filed a response to the motion, with affidavit attached, denying his liability for the account. In the affidavit, the Defendant stated under oath that the goods were not furnished to him nor did he receive them nor were they delivered to anyone at his request. Defendant further stated that he did not promise Plaintiff to pay for the goods delivered. The hearing on Plaintiff's motion was held on November 10, 1972; and judgment was rendered and signed by the Court on December 13, 1972.

On November 14, 1972, which was four days after the hearing on the motion but prior to the entry of the Court's judgment, Defendant filed his second amended original answer, which recites that leave of the Court was first obtained, and in which the Defendant denies, under oath, the existence of any joint venture or partnership with Blackburn. A reviewing court can only look to the record in an attempt to ascertain the correctness of the lower court's decision. The Plaintiff, in his brief, contends that such denial of partnership was not before the trial Court properly at the time of the hearing on the motion. No requests were made for findings of fact and conclusions of law and none are included in the record. In view of the state of the record, this Court must assume that any uncontradicted recitations which appear therein are correct, particularly, since, under our rules of procedure, the trial Court's authority to allow a party to amend or correct will be liberally construed. Rules 428 and 429, Texas Rules of Civil Procedure; Murray v. Murray, 350

S.W.2d 593 (Tex.Civ.App., n.w. h.); Stahl v. Rawlins, 304 S.W.2d 549 (Tex.Civ.App., ref'd n. r. e.). From the record, we can only conclude that the issue of partnership was raised.

In moving for summary judgment, the Plaintiff must assume the burden of establishing that there is no genuine issue as to any material fact. Rule 166–A(c), T.R.C.P.; Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971). In reviewing this record, we hold that the Plaintiff has not discharged this burden.

We therefore reverse and remand the case to the trial Court.