C.S.R., INC., and United States Fidelity and Guaranty Life, Appellants,

v.

**MOBILE CRANE INCORPORATED,**
Appellee.

**No. 13–83–130–CV.**

Court of Appeals of Texas,
Corpus Christi.

April 30, 1984.

Daniel R. Rutherford, San Antonio, for appellants.

William E. Corcoran, McAllen, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. The trial court granted summary judgment for the plaintiff, Mobile Crane Company (Mobile), against C.S.R., Inc. (C.S.R.), and United States Fidelity and Guaranty Life, as surety, for services performed by Mobile in connection with the erection of microwave towers. The trial court, upon Mobile's motion, granted a severance of Mobile's case against C.S.R. from the other pending actions. C.S.R. appeals both actions by the trial court.

Southwestern Bell contracted with C.S.R. for construction and erection of microwave towers in South Texas. Later, C.S.R., as general contractor, contracted with Industrial Mechanical, Inc., for manufacture of the towers and with Bob Branson for erection of the towers. Branson contracted with Mobile for the use of its cranes.

Mobile sued C.S.R., United States Fidelity and Guaranty Life, Branson and Southwestern Bell to be paid for their services. Mobile claims they performed according to their contract with Branson, demanded payment and were refused. Appellant filed a cross-action against Industrial Mechanical, Southwestern Bell and Branson. Appellants admit in their cross-action that they contracted with Branson and that misfabrication occurred in the manufacture of the towers by Industrial Mechanical requiring additional work to be performed, which, according to Branson, was done by Mobile. Appellants' cross-action suggests that a meeting was held in which all parties agreed that Mobile should be paid, but Industrial later refused. C.S.R. also asserts various causes of action against Industrial and Southwestern Bell in their cross-action.

Appellant asserts five points of error on appeal. The first four points allege error on the part of the trial court in granting the summary judgment, and the fifth point alleges error on the part of the trial court in granting the severance.

Appellant argues first that the trial court erred in granting appellant's motion for summary judgment because it is so vague and indefinite that it denied appellant a fair opportunity to oppose it.

TEX.R.CIV.P. 166–A, which governs the procedures to be used in summary judgment matters, states:

"The motion for summary judgment shall state the specific grounds therefore. Except on leave of court, with notice to opposing counsel the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX.R.CIV.P. 166–A(c).

Appellees, in their motion, claim that they performed crane services from October 25, 1980 through November 18, 1980 under contract with Bob Branson, who was a subcontractor of C.S.R., appellant herein. Mobile claims they made presentment of their claim to C.S.R., but were refused payment. They also claim that they filed a mechanic's and materialman's lien and subsequently filed a lawsuit to recover the amount owed.

■ Appellant filed a response to appellee's motion for summary judgment but did not raise an issue of vagueness or indefiniteness in their opposition. Any defects in a motion for summary judgment as to specificity must be raised in the opposition to the motion for summary judgment or they are waived. *The City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Inwood Forest Community Improvement Ass'n v. R.J.S. Development Co., Inc.*, 630 S.W.2d 751 (Tex.Civ.App.—Houston [1st Dist.] 1982, no writ); *Carter v. Gerald*, 577 S.W.2d 797 (Tex.Civ.App.—Austin 1979, writ ref'd n.r. e.). By not complaining of the lack of specificity of the motion at trial, appellants have waived their right to complain of this alleged error on appeal. Appellant's first point of error is overruled.

■ In appellants' second point of error, they allege there was no sworn summary judgment evidence or pleading on Mobile's theory of sworn account. They assert that Mobile should have complied with Rule 185, TEX.R.CIV.P. if they expected to prevail on an action for sworn account. We agree with appellants that the appellees here did not comply with the requisites of Rule 185. However, it does not appear that the lawsuit filed by appellee was in the nature of a suit on a sworn account, so compliance with Rule 185 was unnecessary. Appellants' second point of error is also overruled.

In appellants' third point of error, they claim that the trial court erred in granting summary judgment because there was no sworn evidence presented to the trial court to prove that appellee was entitled to a summary judgment based upon Mobile's contract with Branson, the subcontractor of C.S.R. Appellant is correct in his contention that there was no proof attached to the motion for summary judgment other than an affidavit of attorney's fees. Appellee contends, however, that the trial court may consider any evidence already made a part of the record in the case to determine if summary judgment is proper.

■ Appellee argues that the trial court could and did consider the certified copies of the Derivative Claimant's Affidavit for Mechanic's and Materialman's Lien with attachments, the Standard Form of Agreement Between Southwestern Bell and C.S.R. and the payment bond, all as proper summary judgment evidence. We agree. Each of these documents were of record at the time the motion for summary judgment was filed; and, in their motion, appellees referred the Court to the pleadings, *the filed documentary evidence*, the answers to Requests for Admissions and depositions. (Emphasis added.) TEX.R.CIV.P. 166–A(c) states, in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, *on file at the time of the hearing*, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or other response shall not be considered on appeal as grounds for reversal." (Emphasis added.)

We hold that the derivative claim affidavit, the standard form agreement and the bond were properly before the trial court as

summary judgment proof, because they were not new evidence. *Citizens State Bank of Dickinson v. Shapiro,* 575 S.W.2d 375 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Perry v. Little,* 377 S.W.2d 765 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r. e.).

Next, we consider whether the summary judgment proof, which includes the filed documentary evidence, proves as a matter of law that Mobile is entitled to the summary judgment.

First, the derivative claimant's affidavit prepared by James Shawn, the president of Mobile Crane, sets forth the following facts:

1. Mobile furnished labor and improvements pursuant to a contract with Bob Branson;

2. the property was owned by Southwestern Bell;

3. the labor they performed is described as a mobile crane service;

4. the type of labor performed by Mobile consisted of loading off steel beams, setting iron for towers, hoisting welders in baskets, etc.;

5. the general contractor for improvements was C.S.R.;

6. allowing all credits and offsets, the amount owing was $36,811.41.

Attached to this affidavit is a bill for services setting out invoice numbers, dates the services were performed and charges therefor. Also included in the record was the standard form agreement between Southwestern Bell and C.S.R. and the performance and payment bond of C.S.R. as principal and United States Fidelity and Guaranty Company as surety in the amount of $592,020.00.

█ To be entitled to a summary judgment, the movant has the burden of establishing that there exists no material fact issue and he is entitled to summary judgment as a matter of law. *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978). In deciding if a disputed material fact issue exists, every reasonable inference in favor of the non-movant will be indulged and all doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975).

C.S.R. alleges in their brief that several issues of fact exist. First, they allege that there is an issue of fact as to the total contract price. The total amount of the contract between C.S.R. and Southwestern Bell is set forth in the contract. The amount of the bond, which appellant alleges as another fact issue, is set forth in the performance bond itself. C.S.R. claims in its opposition to Mobile's motion for summary judgment that they were given lien notice under the lien statute by Mobile Crane as being a subcontractor of Branson. While C.S.R. claims there is a fact issue whether Mobile was the subcontractor of Branson or Industrial, they bring forward no evidence to support this contention. Appellant offers no proof to contradict Shawn's affidavit which states that Mobile was a subcontractor of Branson. Appellant asserts that there are fact issues whether Mobile properly noticed C.S.R. as required under the lien laws in effect at that time. This issue does not seem to be in dispute. Appellants state in their opposition to the motion for summary judgment that "C.S.R. was given notice under the lien statute by Mobile Crane as a subcontractor of Branson, when, in fact, Mobile Crane was, as to the charges in question, a subcontractor to Branson, a subcontractor to Industrial." Finally, appellant suggests there is a fact issue as to the date of completion. Again, Shawn's affidavit states that the work was performed for C.S.R. by Mobile Crane from September 16, 1980 through November 18, 1980.

█ A non-movant in a summary judgment must expressly present to the trial court any reason seeking to avoid movant's entitlement, and non-movant must present summary judgment proof when necessary to establish a fact issue. *Westland Oil Development Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903 (Tex.1982). The reason for avoiding a summary judgment must be supported by competent summary judgment evidence in order to prevent rendition of a summary judgment. *Byrd Interna-*

*tional of Dallas, Inc. v. Electronic Data Systems Corp.,* 629 S.W.2d 177 (Tex.App. —Dallas 1982, writ ref'd n.r.e.); *Ramirez v. Bagley Produce Co.,* 614 S.W.2d 582 (Tex.Civ.App.—Corpus Christi 1981, no writ). Mere conclusions are insufficient. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557 (1962). Because appellee's response was no more than a series of factual conclusions, such response was insufficient to raise a fact issue precluding summary judgment. The third point of error is overruled.

■■■ In appellants' fourth point of error, they claim the trial court erred in granting summary judgment because appellants pleaded an affirmative defense, and there was no summary judgment evidence to overcome the defense. In fact, appellants claim that any time an affirmative defense has been pleaded by a defendant, entry of a summary judgment should be denied, citing *Kopczynski v. Millsap,* 496 S.W.2d 933 (Tex.Civ.App.—El Paso 1973, no writ). This case is not in point. Pleading an affirmative defense without proof will not defeat an otherwise valid motion for summary judgment by a plaintiff who has conclusively established a right to a summary judgment. *Kehoe v. Lambert,* 633 S.W.2d 576 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd, n.r.e.). The non-movant must come forward with proof which raises a fact issue with respect to his affirmative defense when the affirmative defense is in the nature of confession and avoidance as it is here. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975). Appellants merely raised an affirmative defense in their cross-action, but brought forward no proof to support it. Appellants' fourth point of error is overruled.

Finally, the appellants urge that the trial court erred in entering an order of severance as to plaintiff Mobile's claim against C.S.R. After judgment, the trial court severed the cause of action of Mobile against C.S.R. from the rest of the case. Appellant claims that it was error for the trial court to sever Mobile's claim because the claim arose from defendant's cross-claim arising out of and turning on the same facts. TEX. R.CIV.P. 174 states that:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

■■ Severance is authorized under TEX.R.CIV.P. 41. It is proper when there is more than one cause of action in the case and the severed cause could be independently asserted, and the facts, issues and subject matter are not so intertwined as to be inseparable. *Van Dyke v. Van Dyke,* 624 S.W.2d 800 (Tex.App.—Houston [14th Dist.] 1981, no writ).

■■ Our review of an order of severance is limited to a determination of whether the trial judge's order amounted to an abuse of discretion. *Hayes v. Norman,* 383 S.W.2d 477 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.).

■■ The case at bar concerns the granting of a summary judgment. Under TEX.R.CIV.P.R. 166–A, the court is authorized to dispose of part or all of the issues raised in the pleadings without adjudicating the entire case. *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959). An order granting summary judgment in a case such as the one which involves a third-party claim would not be final and appealable unless a severance had been granted. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982). The mere filing of a cross-action will not, in and of itself, prevent the trial court from granting a summary judgment on all or part of the case. *Youngblood v. Central Soya Company, Inc.,* 522 S.W.2d 277 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.).

■■ Here, the granting of this summary judgment against C.S.R. did not destroy the rights of C.S.R. to pursue their claims against the other parties in the case. Nor does it interfere with the separate causes of action that C.S.R. has alleged against the other parties by way of their third-par-

**644**

ty action. While the actions pending would perhaps have delayed appellee's recovery, there is no action pending against appellee that would defeat their recovery. In fact, it does not appear from the record before us that any other party has sued Mobile Crane, appellee herein. We hold that the trial court did not abuse its discretion in granting a severance.

The fifth point of error is overruled.

The judgment of the trial court is affirmed.