**LINDEN–ALIMAK, INC., Appellant,**

v.

**Virgil L. McDONALD, Thomas S. Byrne, Inc. and Traders and General Insurance Co., Appellees.**

No. 2–87–009–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 14, 1988.

Rehearing Denied March 3, 1988.

Cowles & Thompson, and R. Brent Cooper, Michael W. Huddleston, and Benjamin C. Wilson, Dallas, for appellant.

Wells, Williford & Felber, and H.G. Wells, Fort Worth, for appellee Virgil L. McDonald.

McDonald, Sanders, Ginsburg, Newkirk, Gibson & Webb, and William F. Peters, Jr., Fort Worth, for appellee Traders & General Ins. Co.

Cantey, Hanger, Gooch, Munn & Collins, and Tolbert L. Greenwood, Sloan B. Blair, and James A. Riddell, Fort Worth, for appellee Thomas S. Byrne, Inc.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

FARRIS, Justice.

This is an appeal by Linden–Alimak, Inc., a Houston equipment company and defendant in the trial court below. Linden–Alimak asserts sixteen points of error relating to the jury charge and the sufficiency of the evidence. We overrule all points and affirm the judgment of the trial court.

Linden–Alimak leased a construction crane to Thomas S. Byrne, Inc., for use at a downtown Fort Worth job site. Dan Whitcomb, an employee of Linden–Alimak, traveled to the Fort Worth job site to supervise the erection of the crane by Byrne. During work on the crane, a load cable slipped and fell from the crane, striking and injuring Virgil McDonald, the plaintiff below, in the back. At the time of the accident, McDonald was an employee of Byrne. McDonald sued Linden–Alimak for negligence in connection with the erection of the crane. Linden–Alimak then filed a third-party action against Byrne based upon the

indemnity portion of the equipment rental agreement between them. Traders and General Insurance Company intervened as the workers' compensation carrier for Byrne.

Appellant's first point contends that the trial court should have submitted a requested special issue inquiring whether Whitcomb was the borrowed servant of Byrne, because its assertion of the borrowed servant doctrine was an affirmative defense to liability. We disagree with appellant's characterization of the borrowed servant doctrine as an affirmative defense. The assertion of the borrowed servant doctrine by appellant to avoid liability is in reality an inferential rebuttal defense. As such, appellant is entitled only to an instruction. See TEX.R.CIV.P. 277.

Our characterization of the borrowed servant doctrine in this case as an inferential rebuttal defense derives from the fundamental difference between an affirmative defense and an inferential rebuttal defense.

> Affirmative defenses, as opposed to a defendant's denials, are the propositions which a defendant may assert and interpose to defeat a *prima facie* case made by the plaintiff. "They open the way for the defendant to introduce evidence which does not tend to rebut the factual propositions asserted in plaintiff's case, but which seeks to establish an independent reason why the plaintiff should not recover." 2 McDonald, Texas Civil Practice, sec. 7.34.1, at 220 (1982).

*Hays Cons. Ind. Sch. D. v. Valero Trans. Co.*, 645 S.W.2d 542, 546 (Tex.App.—Austin 1982, writ ref'd n.r.e.). An inferential rebuttal defense, on the other hand, "is one which seeks to disprove the existence of an essential element submitted in another issue." *Select Ins. Co. v. Boucher*, 561 S.W. 2d 474, 477 (Tex.1978). "The basic characteristic of an inferential rebuttal is that it presents a contrary or inconsistent theory from the claim relied upon for recovery." *Id.*

Applying the above definitions to appellant's theory, it is clear that appellant's assertion of the borrowed servant doctrine is an inferential rebuttal defense. McDonald's theory was that appellant controlled Whitcomb, and while acting under that control, Whitcomb breached a duty owed to McDonald, subsequently causing his injury and damages. Appellant's theory disputes only one factual leg of McDonald's ground of recovery: the issue of who "controlled" Whitcomb at the time of the accident. Under appellant's defense, it had no control over Whitcomb so as to be held liable under the theory of respondeat superior. Therefore, the proper method for submitting appellant's theory was by requested instruction and not by special issue. No such instruction was requested. Appellant's first point of error is overruled.[1]

Appellant's second point of error contends that the trial court should have submitted an issue on whether Byrne's employees working on the crane were borrowed employees of the appellant. Appellant claims in its brief that the omission was preserved for appellate review by timely objection, although they cite to no page in the record. We have reviewed appellant's objections to the jury charge and are unable to find an objection that even remotely expresses the proposition contained in its second point of error. Contrary to the assertion in appellant's brief, error was not properly preserved. See TEX.R.CIV.P. 279. Appellant's second point is overruled.

Appellant's third, fourth and fifth points contend that special issues one, four and twelve submitted to the jury were improper because there was no jury finding that any of Byrne's employees were the borrowed employees of appellant, and because the inclusion of "borrowed employees" in the questions commented on the weight of the evidence and assumed the truth of a material controverted fact. However, there were no objections made in the record on

1. Our holding is consistent with the position of the State Bar Committee on Pattern Jury Charges. *See* Comment, PJC 40.08 (1982); *see* also J. Perdue, *The Law of Texas Medical Malpractice*, 22 HOUS.L.REV. 1, 473 (1985).

any of these grounds. Because none of the alleged errors were properly preserved, we overrule points three, four and five.

In its point of error six, appellant contends that the use of the plural of agent, servant and employee in special issues one, four and twelve, commented on the weight of the evidence because the evidence established that appellant had only *one* agent, servant or employee on the job site. Appellant cites no authority, nor are we aware of any, that directly supports this proposition.

■ Only a direct comment on the weight of the evidence presents reversible error. *See Briseno v. Martin,* 561 S.W.2d 794, 796–97 (Tex.1977). A direct comment on the weight of the evidence is one which suggests to the jury the trial judge's opinion concerning the matter about which the jury is asked. *See City of Amarillo v. Langley,* 651 S.W.2d 906, 915 (Tex.App.—Amarillo 1983, no writ). Appellant maintains that because the charge used the plural form of the complained of terms, the jury could have attributed to appellant any negligence of Byrne's employees, either in participating in the erection, or in failing to warn McDonald that it might be hazardous for him to work under the crane.

■ If in fact the use of the plural form does comment on the weight of the evidence, such comment is only incidental. Under TEX.R.CIV.P. 277, an incidental comment is not reversible error. We overrule appellant's sixth point of error.

Appellant's seventh point contends that the jury question regarding indemnity improperly placed the burden of proof on appellant. Special issue seven asked:

Do you find from a preponderance of the evidence that such negligence, if any, was not the sole proximate cause of the occurrence in question?

Answer "It was not the sole proximate cause" or "It was the sole proximate cause."

The jury answered that appellant's negligence was the sole cause of the occurrence.

The indemnity provision in the rental contract states:

10. INDEMNITY—It is expressly understood and agreed that Lessor shall not be liable for damages, losses, and injuries of any kind whatsoever, whether to persons or property, or for any other loss arising from the operation, handling, use of, transportation of, or in any way connected with the said equipment or any part thereof from whatsoever cause arising, except direct damages, losses or injuries caused by Lessor's sole negligence. Lessee shall indemnify and save Lessor harmless from any and all claims, demands, liabilities, judgments, actions or causes of action of any nature whatsoever (except if caused by Lessor's sole negligence) arising out of the selection, possession, leasing, operation, control, use, maintenance, repair, adjustment, or return of the equipment.

Appellant asserts that "sole negligence" is a defense to indemnity, and Byrne, as indemnitor, had the burden of establishing that the injury was caused by the sole negligence of appellant. The jury question inquires as to whether appellant's negligence was *not* the sole proximate cause of the accident. Thus, appellant asserts that the question was so phrased as to shift the burden to appellant of showing that the accident was not the result of its sole negligence.

■ We decline, however, to rule on appellant's point as presented. We find that appellant is not entitled to indemnity because the indemnity clause in the rental agreement does not meet the "express negligence" rule adopted by the Supreme Court in *Ethyl Corp. v. Daniel Const. Co.,* 725 S.W.2d 705, 708 (Tex.1987).

Under the express negligence doctrine, "the intent of the parties must be specifically stated within the four corners of the contract." *Id.* In *Singleton v. Crown Cent. Petroleum Corp.,* 729 S.W.2d 690 (Tex.1987), the Supreme Court examined an indemnity provision essentially the same as the one here. That indemnity provision, set out in the court of appeals' opinion, provides in pertinent part:

Contractor agrees to protect, defend, indemnify and hold Owner, its agents, ser-

vants, employers, officers, directors, subsidiaries and affiliates, harmless from and against any and all claims, demands, actions, liabilities, liens, losses, damages, and expenses, of every kind and character whatsoever, including without limitation by enumeration the amount of any judgment, penalty, interest, court costs and legal fees incurred in connection with the same, or the defense thereof, for or in connection with loss of life or personal injury (including employees of Contractor and of Owner), damage to property (including property of Contractor and of Owner), and without limitation by enumeration all other claims or demands of every character whatsoever directly or indirectly arising out of, or incident to, or in connection with, or resulting from the activities of Contractor, its agents, servants, and employees, or its subcontractors and their agents, servants, and employees, or in connection with the work to be performed, services to be rendered, or materials to be furnished, under this contract, excepting only claims arising out of accidents resulting from the sole negligence of Owner.

*Singleton v. Crown Cent. Petroleum Corp.*, 713 S.W.2d 115, 117–18 (Tex.App.—Houston [1st Dist.] 1985). The Supreme Court held that this agreement failed to meet the express negligence test under *Ethyl*, 725 S.W.2d at 708. Because we find that the indemnity provision in *Singleton* is indistinguishable from the provision in the instant case, we are constrained under *Ethyl* to hold that the indemnity provision is unenforceable because it fails to meet the express negligence test. Appellant's seventh point of error is overruled.

◼ In its point of error eight, appellant contends that the trial court should have given an instruction to the jury telling them not to award damages resulting from subsequently occurring injuries. The damage issue submitted by the court inquired as to damages which "from a preponderance of the evidence *resulted from the occurrence in question....*" [Emphasis ours]. The issue as submitted adequately limited the jury's consideration and appellant's requested instruction was merely repetitious. We overrule appellant's eighth point of error.

Appellant's points of error nine through fifteen contend that the evidence was factually insufficient to support the jury's answers to the liability issues in the charge.

An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all of the evidence in the case in making this determination. *See id.*

◼ The equipment rental agreement introduced at trial included a handwritten clause stating that appellant would provide one of its employees (Whitcomb) to supervise the erection of the crane. Hans Lofstrand, service manager for appellant, testified on cross-examination that Whitcomb would control Byrne's iron workers placed under his supervision.

Sammy Stearman, then a union crane operator for Byrne, testified that Linden-Alimak's employee, Whitcomb, was in charge of erecting the crane and supervised several of Byrne's iron workers in doing so. Stearman also testified that Whitcomb provided the clamp that held the cable and that after the cable slipped and fell, the clamp was no longer used because it was found to be unsafe.

We find there was ample evidence upon which the jury could have based its answers to the submitted questions. Appellant's points of error nine through fifteen are overruled.

Appellant's final point of error contends that the jury's answer to the question regarding the sole negligence question discussed above was against the great weight and preponderance of the evidence. Based on our previous application of the express negligence doctrine above, we overrule appellant's final point.

The judgment of the trial court is affirmed.