**ATLANTIC RICHFIELD COMPANY, Appellant,**

v.

**PETROLEUM PERSONNEL, INC., Appellee.**

**No. 13–87–516–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Rehearing Denied Oct. 20, 1988.

James F. Buchanan, William R. Kendall, Kleberg & Head, Corpus Christi, for appellant.

Tom F. Nye, Brin & Brin, Corpus Christi, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Atlantic Richfield Co. (ARCO), the defendant in a suit brought by Keith W. Cherniack, brought in Petroleum Personnel, Inc. (PPI), Cherniack's employer, as a third-party defendant, alleging that PPI indemnified ARCO by contract. Both PPI and ARCO moved for summary judgment. The trial court severed the action against PPI, granted PPI's motion, and denied ARCO's motion. ARCO raises three points of error. We affirm.

The parties argue whether the indemnity provision in the ARCO/PPI contract satisfies the express negligence doctrine, whether ARCO's third-party complaint against PPI alleged a cause of action for breach of contract, and whether the severance of the ARCO/PPI action was proper.

By point two, appellant claims that the trial court erred in denying ARCO's motion for summary judgment, urging .that the indemnity provision of the contract between ARCO and PPI satisfies the "express negligence doctrine." Point one, subpoint a, claims that the trial court erred in granting PPI's motion for summary judgment for the same reason.

The indemnity provision is:

CONTRACTOR [PPI] agrees to hold harmless and unconditionally indemnify COMPANY [ARCO] against and for all liability, cost, expenses, claims and damages which COMPANY may at any time suffer or sustain or become liable for by reason of any accidents, damages or injuries either to the persons or property or both, of CONTRACTOR, or of the workmen of either party, or of any other parties, or to the property of COMPANY, in any matter arising from the work performed hereunder, including but not limited to any negligent act or omission of COMPANY, its officers, agents or employees....

■ We find that the indemnity provision does not satisfy the express negligence doctrine because the intent of the parties is not specifically stated within the four corners of the contract. *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705, 708 (Tex.1987). This contract has no express provisions for sole negligence (*see Linden–Alimak, Inc. v. McDonald*, 745 S.W.2d 82, 85–86 (Tex.App.—Fort Worth 1988, writ denied)), contractual comparative negligence (*Ethyl*, 725 S.W.2d at 708), concurrent negligence, or gross negligence (*Crown Central Petroleum Corp. v. Jennings*, 727 S.W.2d 739, 740–41 (Tex.App.—Houston [1st Dist.] 1987, no writ). The phrase "any negligent act or omission" is not sufficient to define the parties' intent under the express negligence doctrine. We have also examined *B–F–W Construction Co. v. Garza*, 748 S.W.2d 611, 612–13 (Tex. App.—Fort Worth 1988, no writ) and find the contractual provision upheld there to be more specific about which types of negli-

gence it indemnifies than the one in the ARCO/PPI contract. We overrule points two and one, subpoint a.

ARCO's point one, subpoint b alleges that the trial court granting of PPI's motion was error because ARCO had also stated a breach of contract claim against PPI. ARCO's third-party complaint alleges that it is entitled to be indemnified by PPI "by law, and is also entitled to be held harmless and be indemnified by Third Party Defendant, PETROLEUM PERSONNEL, INC. by contract."

ARCO argues that the pleading referred also to a paragraph in the ARCO/PPI contract requiring the contractor "to perform the work with due diligence and in a good and workmanlike manner." Since PPI's motion for summary judgment dealt only with the indemnity paragraph, ARCO contends that the court erred by also disposing of the alleged other cause of action.

Under Tex.R.Civ.P. 45 and 47, pleadings are sufficient if they give the opposing attorney fair notice of the claim involved. *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665, 666 (Tex.1981). The purpose of pleading is to give fair and adequate notice to the party being sued of the nature of the cause of action asserted against him so he may adequately prepare a defense. *Castleberry*, 617 S.W.2d at 666; *see also Caterpillar Tractor Co. v. Boyett*, 674 S.W.2d 782, 791 (Tex.App.—Corpus Christi 1984, no writ.).

■ To plead a cause of action, pleadings must be clear enough that the court, from examining them, can ascertain with reasonable certainty the elements of the cause of action and the relief sought. The pleadings should contain sufficient information to support a judgment. *Henderson v. Henderson*, 694 S.W.2d 31, 35–6 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

■ A pleading may fail to give fair notice because of ambiguous language or because its allegations mislead the opponent about the theory the pleader relies on. *Schley v. Structural Metals, Inc.*, 595 S.W.2d 572, 586 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.).

■ A petition must state the essential facts or elements which constitute a cause of action. *Sage v. Wong*, 720 S.W.2d 882, 884 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *In re S—— H——*, 548 S.W.2d 804, 805 (Tex.Civ.App.—Amarillo 1977, no writ); *see also Rodriguez v. Yenawine*, 556 S.W.2d 410, 414–15 (Tex.Civ.App.—Austin 1977, no writ).

■ We fail to see that ARCO's pleading gives fair notice of a claim beyond the indemnity provision. Factually, the complaint alleges only that at the time of Cherniack's alleged injuries, he was a PPI employee performing services pursuant to a contract with ARCO on a platform ARCO owned. We know nothing of the nature or circumstances of the alleged injuries, and ARCO has not mentioned any complaint about work performance. We overrule point one, subpoint b.

■ By point three, ARCO argues that the trial court erred in severing its action against PPI from the main action. However, its argument depends on our finding either that the indemnity provision is enforceable or that it properly pleaded an additional cause of action for breach of contract. Our review of an order of severance is limited to determining whether the trial court abused its discretion. *C.S.R., Inc. v. Mobile Crane, Inc.*, 671 S.W.2d 638, 643 (Tex.App.—Corpus Christi 1984, no writ); *Hayes v. Norman*, 383 S.W.2d 477, 478–79 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd. n.r.e.). Here, the severance merely allowed the summary judgment to become final and appealable, without destroying the rights of the parties to the main action. *See C.S.R.*, 671 S.W.2d at 643–44. Since we have found no error in the trial court's granting of PPI's motion for summary judgment, we find no abuse of discretion in the severance of ARCO's action against PPI. We overrule point three.

We AFFIRM the trial court's judgment.