## ATLANTIC RICHFIELD COMPANY, Petitioner,

v.

## PETROLEUM PERSONNEL, INC., Respondent.

No. C–8166.

Supreme Court of Texas.

April 26, 1989.

William R. Kendall & James F. Buchanan, Kleberg & Head, Corpus Christi, for petitioner.

Thomas F. Nye, Brin & Brin, Corpus Christi, for respondent.

SPEARS, Justice.

This case involves the application of the "express negligence test" to an indemnity contract between an owner and contractor.

Keith Cherniack sued Atlantic Richfield Company (ARCO), seeking damages for injuries he sustained while working on a platform owned by ARCO. ARCO then impleaded Cherniack's employer, Petroleum Personnel, Inc. (PPI), alleging that ARCO was entitled to indemnity from PPI pursuant to a contract entered into between the two parties. This contract contained the following indemnity provision:

> CONTRACTOR [PPI] agrees to hold harmless and unconditionally indemnify COMPANY [ARCO] against and for all liability, cost, expenses, claims and damages which [ARCO] may at any time suffer or sustain or become liable for by reason of any accidents, damages or injuries either to the persons or property or both, of [PPI], or of the workmen of either party, or of any other parties, or to the property of [ARCO], in any matter arising from the work performed hereunder, *including but not limited to any negligent act or omission of [ARCO]*, its officers, agents or employees.... (emphasis added).

Both ARCO and PPI moved for summary judgment based on the construction of the indemnity provision. The trial court severed the indemnity cause of action and granted summary judgment for PPI denying indemnity to ARCO. The court of ap-

peals affirmed. 758 S.W.2d 843 (Tex.App. 1988). That court held that the indemnity contract between ARCO and PPI did not satisfy the "express negligence test" stating, "the intent of the parties is not specifically stated within the four corners of the contract ... [and the phrase] 'any negligent act' is not sufficient to define the parties' intent." *Id.* at 844. Accordingly, the CA held the indemnity contract was unenforceable. We reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

■ In *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987), this court adopted the express negligence test which provides that a party seeking indemnity from the consequences of its own negligence must express that intent in specific terms. Under this test, the intent of the parties must be specifically stated within the four corners of the contract in order for such an indemnity provision to be enforceable.

The contract between Ethyl and Daniel contained the following indemnity provision:

> Contractor [Daniel] shall indemnify and hold Owner [Ethyl] harmless against any loss or damage to persons or property as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of Contractor, Contractor's employees, subcontractors, and agents or licensees.

At trial, Ethyl maintained that the language "any loss" and "as a result of the operations growing out of the performance of this contract" expresses an intent to cover the negligence of Ethyl. This court, however, in applying the express negligence test held that such provision does not specifically state an intent to indemnify Ethyl for Ethyl's own negligence. This court reasoned:

> [T]he scriveners of indemnity agreements have devised novel ways of writing provisions which fail to expressly state the true intent of those provisions. The intent of the scriveners is to indemnify the indemnitee for its negligence,

yet be just ambiguous enough to conceal that intent from the indemnitor.... We hold the better policy is to cut through the ambiguity of those provisions and adopt the express negligence doctrine. *Id.* at 707–708. As a result, the indemnity contract was held to be unenforceable.

In *Singleton v. Crown Central Petroleum Corp.*, 729 S.W.2d 690 (Tex.1987), the plaintiff sued Crown, the premises owner, and Mundy Construction Co., its contractor, for injuries caused by the acts of Mundy's employee. The jury found that Crown and Mundy were concurrently negligent. The trial court then required Mundy to indemnify Crown based upon an indemnity agreement which provided that:

> Contractor [Mundy] agrees to ... indemnify ... owner [Crown] ... from and against any and all claims ... of every kind and character whatsoever, ... for or in connection with loss of life or personal injury ... directly or indirectly arising out of ... the activities of contractor ... *excepting only* claims arising out of accidents resulting from the sole negligence of owner. (Emphasis added.)

This court held that the indemnity contract between Crown and Mundy did not satisfy the express negligence rule and thus was unenforceable. The indemnity contract in *Singleton* did not specifically state that Mundy was obligated to indemnify Crown for Crown's own negligence. Rather, it specifically stated what was not to be indemnified, "claims resulting from the sole negligence of the owner." The agreement, therefore, was an implicit indemnity agreement requiring Mundy to deduce his full obligation from the sole negligence exception.

Similarly, in *Gulf Coast Masonry, Inc. v. Owens–Illinois, Inc.*, 739 S.W.2d 239 (Tex. 1987), this court held an indemnity provision failed to meet the requirements of the express negligence rule. The indemnity provision in *Gulf Coast* provided:

> Contractor agrees to indemnify and save owner harmless from any and all loss sustained by owner ... from any liability or expense on account of property damage or personal injury ... sustained or

alleged to have been sustained by any person or persons, ... arising out of ... the performance or nonperformance of work hereunder by contractor ... *or by any act or omission of contractor,* its subcontractors, and their respective employees and agents while on owner's premises.... (emphasis added).

Although the agreement in *Gulf Coast* specified the contractor's duty to indemnify the owner for claims resulting from the *contractor's* acts, it failed to state, with equal specificity, the obligation to indemnify for claims resulting from acts of other parties (i.e. owner). Further, the contractor may have reasonably assumed that if it were to indemnify the owner for the acts of other parties, this requirement also would have been stated in specific terms.[1]

Turning to the indemnity contract in the present action, PPI maintains that the contract fails the express negligence test because it does not specify the kind, character or degree of negligence that is to be indemnified. PPI points out that the indemnity contract has no express provisions for sole negligence, contractual comparative negligence, concurrent negligence or gross negligence and is therefore insufficient to define the parties' intent.

 The purpose behind the adoption of the express negligence rule is to require scriveners to make it clear when the intent of the parties is to exculpate an indemnitee for the indemnitee's own negligence. This purpose was accomplished in the present action. The indemnity provision expressly calls for PPI to indemnify ARCO for ARCO's negligence. The provision states:

[PPI] agrees to ... indemnify ... [ARCO] ... in any matter arising from the work performed hereunder, including but not limited to *any negligent act or omission of [ARCO]."* 758 S.W.2d at 844. (emphasis added).

It would be difficult for PPI to argue from this language that it was unaware of its agreement to indemnify ARCO for ARCO's negligence.

Therefore, we hold that this language meets the requirements of the express negligence rule. Although the language does not differentiate between degrees of negligence, the language "any negligent act of ARCO" is sufficient to define the parties' intent. Usage of the terms "joint," "concurrent" or "comparative contractual" would not add to the expression of intent to exculpate ARCO for its negligence.[2]

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

---

**1.** *Cf. Dupont v. TXO Production Corp.,* 663 F.Supp. 56 (E.D.Tex.1987) where the court held that the indemnity provision fulfilled the express negligence test; however, we do not necessarily agree with that holding.

**2.** We do not decide whether indemnity for one's own gross negligence or intentional injury may be contracted for or awarded by Texas courts. This issue is not presented in this appeal from a summary judgment. Public policy concerns are presented by such an issue that have not been argued or briefed by the parties.