Opinion issued January 29, 2004







            










In The
Court of Appeals
For The
First District of Texas
 



NO. 01-02-01230-CV
____________

CHARLES A. GEORGE DENTAL SOCIETY, INC., Appellant

V.

ZEB F. POINDEXTER, III, Appellee
 

 
 
On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 90-55564
 

 
 
MEMORANDUM OPINION
          Appellant, the Charles A. George Dental Society, Inc. (the Society), challenges
a judgment rendered in favor of appellee, Dr. Zeb F. Poindexter, III, in his suit for
indemnification to recover the attorneys’ fees and costs that he incurred in the
successful defense of an underlying defamation suit brought against him by another
Society member.
          In five issues, the Society contends that (1) the trial court erred in denying the
Society’s “Motion for Judgment as a Matter of Law” because, under the express
negligence doctrine, Poindexter was not entitled to indemnification from the Society;
(2) the evidence was legally and factually insufficient to support the jury’s finding
that Poindexter was sued “because he is or was an officer” of the Society; (3) the trial
court erred in excluding the Society’s evidence of affirmative defenses and in
refusing to submit the Society’s proposed jury questions and definitions; and (4) the
evidence was legally insufficient to support the amount of attorneys’ fees awarded by
the jury.
          We affirm.
Factual and Procedural Background
          The Society is a non-profit corporation and received its charter from the Texas
Secretary of State in 1967. Its constitution and by-laws state that it was organized,
in part, “[t]o promote and maintain the highest standards and practices of the
profession of dentistry” among its members.
          In 1990, Poindexter was an officer of the Society and served as its treasurer. 
At a special called meeting of the Society held in September 1990, Poindexter
reported that he had received notification from a lender concerning overdue payments
on two outstanding loans. One of the loans had been secured by the Society for Dr.
Barbara Scott. Scott, who was present at the meeting, disputed the truth of the
statements made by Poindexter concerning the status of the loan and, in response to
Poindexter’s comments at the meeting, sued Poindexter for slander, slander per se,
intentional infliction of emotional distress, negligent infliction of emotional distress,
and gross negligence. Poindexter subsequently filed a third-party claim seeking
indemnification from the Society pursuant to the provisions of the Texas Non-Profit
Corporation Act (the Act).


 In his third-party claim, Poindexter asserted that, under
the terms of the Act, he was entitled to statutory indemnity for his reasonable
expenses and attorneys’ fees incurred in the defense of Scott’s lawsuit for the reason
that he was named as a defendant in that suit because of his position as a director of
the Society.
          Following a jury trial, the trial court granted a judgment notwithstanding the
verdict (j.n.o.v.) in favor of Poindexter on Scott’s causes of action. The trial court
also ruled that Poindexter’s indemnification claim against the Society was time-barred by the statute of limitations, an issue that was not presented to the jury. On
appeal, the court of appeals affirmed the trial court’s j.n.o.v. on Scott’s claims, but
reversed the judgment on Poindexter’s indemnity claim against the Society and
remanded the case for further proceedings.



          At the subsequent trial on Poindexter’s indemnity claim, Poindexter testified
that, in his opinion, it was his duty as the treasurer of the Society to report his
concerns about what he believed to be the status of the loan payments. Poindexter
testified that Scott sued him “basically because I gave an open report which
questioned her, you know, payment.”
          Dr. David C. Emmers, President of the Society, testified that, according to the
constitution and bylaws of the Society, it was his opinion that Poindexter did not have
a duty to report his concerns about the status of the loan payments to a meeting of the
Society’s general body. Rather, Poindexter should have made his report concerning
Scott’s loan payments to the Society’s executive body or its budget and finance
committee. Emmers also testified that, after having been served with Poindexter’s
suit for indemnity, the Society’s executive committee decided not to indemnify
Poindexter because it considered Scott’s lawsuit against Poindexter to be “a private
matter.” Emmers admitted that he did not know what Poindexter had said at the
September 1990 meeting because he was not a member of the Society at that time and
was not present.
          In its answers to the charge, the jury affirmatively found that Poindexter had
“incur[red] reasonable expenses in connection with a proceeding . . . in which he
[wa]s named . . . because he is or was an officer of the [Society],” and it awarded
Poindexter $65,000 in attorneys’ fees as his “reasonable expenses.” The trial court
subsequently signed a final judgment in accordance with the verdict.
Express Negligence Doctrine
          In its first issue, the Society argues that the trial court erred in denying its
“Motion for Judgment as a Matter of Law” because Poindexter “is not entitled to
indemnity under the express negligence doctrine.”
          The Society argues that it owes no contractual duty to indemnify Poindexter,
and it relies on Fisk Electric Co. v. Constructors & Associates, Inc., 888 S.W.2d 813
(Tex. 1994), for the proposition that an obligation to indemnify an indemnitee for its
costs and expenses resulting from a claim made against it for its own negligence does
not arise unless the contractual indemnity provisions comply with the express
negligence test. Id. at 814-15. However, the express negligence test applies to the
interpretation of contractual indemnity provisions, not statutory duties created by the
legislature. See id. at 815 (“The purpose of the express negligence rule ‘is to require
scriveners to make it clear when the intent of the parties is to exculpate an indemnitee
for the indemnitee’s own negligence.’”) (quoting Atlantic Richfield Co. v. Petroleum
Personnel, Inc., 768 S.W.2d 724, 726 (Tex. 1989)).
          Here, Poindexter does not rely on any provision of the Society’s constitution
or bylaws as providing him with a contractual right to indemnification. Rather, he
argues that the provisions of the Act created a statutory duty for the Society to
indemnify him under these circumstances. Article 1396-2.22A of the Act provides,
in part, as follows:
A corporation shall indemnify a director against reasonable expenses
incurred by him in connection with a proceeding in which he is a named
defendant or respondent because he is or was a director if he has been
wholly successful, on the merits or otherwise, in the defense of the
proceeding.

Tex. Rev. Civ. Stat. Ann. art. 1396–2.22A(H) (Vernon 2003). Thus, the absence
of a contractual indemnity provision in the constitution and bylaws of the Society has
no bearing on Poindexter’s claim for statutory indemnity. Accordingly, we hold that
the trial court did not err in denying the Society’s motion for judgment based on the
express negligence doctrine.



          We overrule the Society’s first issue.
Sufficiency of the Evidence
          In its second issue, the Society contends that the evidence was legally and
factually insufficient to support the jury’s answer to question number one of the
charge. As noted above, in its answer to question number one, the jury found that
Poindexter had “incur[red] reasonable expenses in connection with a proceeding
. . . in which he [wa]s named . . . because he is or was an officer of the [Society].” See
Tex. Rev. Civ. Stat. Ann. art. 1396–2.22A(H). The Society argues that the
evidence was legally and factually insufficient to support the jury’s affirmative
answer to question number one because Poindexter never introduced into evidence
a copy of the pleadings filed by Scott. The Society argues that Poindexter thus did 
not establish that he was sued “because of his former status as Treasurer [of the
Society] and not in his individual capacity.”
          With regard to the legal sufficiency of the evidence, in reviewing a “no
evidence” point, we view the evidence in a light that tends to support the finding of
disputed fact and disregard all evidence and inferences to the contrary. Wal-Mart
Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003). If more than a scintilla of
evidence supports the jury’s findings, the verdict must be upheld. Id. In reviewing
the factual sufficiency of the evidence, we consider all the evidence supporting and
contradicting the finding, and we may set aside the verdict only if the finding is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).
          Here, viewing the evidence in the light most favorable to the verdict,
Poindexter testified that, in his opinion, it was his duty as treasurer of the Society to
report what he believed to be the status of the payments that Scott was making on the
loan that she owed and that was secured by the Society. Poindexter also testified that
Scott sued him “because I gave an open report which questioned her . . . payment” of
the loans. Although Poindexter did not offer into evidence a copy of Scott’s
pleadings, it was undisputed that Scott’s lawsuit concerned statements made by
Poindexter at a Society meeting concerning a matter that, as he testified, fell within
his duties as a director, and specifically as treasurer, of that organization. 
Accordingly, we hold that the evidence was legally sufficient to support the jury’s
answer to question number one. See Miller, 102 S.W.3d at 709.
          With regard to the factual sufficiency of the evidence, the Society presented
testimony indicating that, under its constitution and bylaws, Poindexter, as treasurer,
had no duty to present his concerns about the loan to Scott at a meeting of the general
body of the Society. Emmers testified that, instead, Poindexter should have presented
his concerns to the executive body or the budget and finance committee. Emmers
also testified that, in its opinion, the Society’s executive committee considered Scott’s
lawsuit against Poindexter to be “a private matter.”
          However, the Society did not present testimony from any witnesses who were
present at the meeting concerning the remarks in question. Nor did it contradict
Poindexter’s testimony as to what formed the basis for Scott’s lawsuit, namely,
statements that Poindexter had made concerning the status of the Society’s financial
dealings at a Society meeting. Based on the record presented, we hold that the
evidence was not “so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust” and was factually sufficient to support the jury’s answer
to question number one. See Cain, 709 S.W.2d at 176.
          We overrule the Society’s second issue.
Evidence of Affirmative Defenses
          In its third issue, the Society contends that the trial court erred in “sustain[ing]
objections and repeatedly frustrat[ing] the [Society’s] attempts to more fully develop
evidence and testimony on its corporate affirmative defenses.” In support of this
contention, the Society cites this Court to 11 different pages of the reporter’s record. 
However, the Society provides no specific discussion, argument, or authorities
concerning the individual objections that it contends that the trial court erroneously
sustained.
          A brief must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). 
In its briefing on this issue, the Society makes no application of the law to the specific
facts of this case to support the issue presented. Accordingly, this issue is waived. 
See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 128(Tex.
App.—Houston [1st Dist.] 2002, pet. denied).
          We overrule the Society’s third issue.
Jury Questions and Definitions
          In its fourth issue, the Society contends that the trial court erred in refusing,
over the Society’s objections, to submit its “proposed jury questions and definitions
concerning its corporate affirmative defenses” in the charge.
          It is well-established that litigants have a right to a fair trial before a jury that
is properly instructed on the issues authorized and supported by the law governing
the case. Harris County v. Smith, 96 S.W.3d 230, 234 (Tex. 2002). It is the duty of
the trial court to submit only those questions, instructions, and definitions raised by
the pleadings and the evidence. Id. at 236; see Tex. R. Civ. P. 278; Elbaor v. Smith,
845 S.W.2d 240, 243 (Tex. 1992). A trial court’s refusal to submit an instruction is
reversible error if it “probably caused the rendition of an improper verdict.” Tex. R.
App. P. 44.1(a)(1).
          Here, the Society objected to the trial court’s refusal to include in the charge
the Society’s proposed definitions of the terms “Non-Profit Corporation,” “Articles
of [I]ncorporation,” “By-laws,” “Board of Directors,” “Director,” “Ordinary Care,”
and “Proximate Cause.” The Society also objected to the trial court’s refusal to
include two proposed questions asking the jury to determine (1) whether Scott had
sued Poindexter “because of his official capacity” as treasurer of the Society


 and (2)
whether, as a director of the Society, Poindexter “acted in good faith in disseminating
erroneous information about the status of [Scott’s] loan” at the September 1990
meeting.



          As a basis for the submission of its proposed instructions, the Society relies on
certain definitions provided in the Act. See Tex. Rev. Civ. Stat. Ann. arts.
1396–2.22A(A)(4)(a), (A)(4)(b), (B), (D) (Vernon 2003). However, at trial, there was
no dispute between the parties that Poindexter was a director of the Society or that the
Society was a non-profit corporation. Nor was there any dispute as to the documents
introduced as copies of the Society’s articles of incorporation, constitution, and
bylaws. Moreover, although the Society proposed including definitions of the terms
“Ordinary care” and “Proximate cause,” neither the proposed questions submitted to
the trial court by the Society nor the questions included in the charge given to the jury
included or made use of these terms. Thus, we hold that the trial court’s refusal to
include the Society’s proposed instructions did not probably cause the rendition of
an improper verdict. See Tex. R. App. P. 44.1(a)(1).
          Additionally, the Society relies on certain provisions of the Act in support of
its contention that the trial court erred in refusing to include the proposed jury
questions in the charge. See Tex. Rev. Civ. Stat. Ann. arts. 1396–2.22A(A)(4)(a),
(A)(4)(b), (B), (D). A careful reading of these statutory provisions indicates that the
two questions submitted by the Society are applicable to, and are drawn from
provisions in the Act addressing, a situation in which a non-profit corporation may
choose to exercise its discretion to indemnify a director named as a defendant in a
proceeding before the final resolution of the proceeding that results in a finding of
liability against the director. See id. In contrast, Poindexter relied on the provision
of the Act requiring a non-profit corporation to indemnify its director when the
director has already been “wholly successful” in the defense of such a proceeding. 
Id. at 1396–2.22A(H). There was no dispute that Poindexter was successful in his
defense and appeal of Scott’s lawsuit and that the Society’s board of directors had
never exercised its discretion to indemnify Poindexter before the final resolution of
Scott’s lawsuit. Therefore, the proposed questions and definitions submitted by the
Society were inapplicable to the situation presented by the evidence in this case. 
Accordingly, we hold that the trial court did not err in refusing to submit the Society’s
proposed questions and definitions.
          We overrule the Society’s fourth issue.
Attorneys’ Fees
          In its fifth issue, the Society argues that there was “no competent evidence”
introduced to justify an award of attorneys’ fees to Poindexter greater than $55,000. 
We consider this issue a legal sufficiency challenge. In its answer to question number
two of the charge, the jury awarded Poindexter $65,000 in attorneys’ fees, and the
trial court signed a final judgment in accordance with this award.
          The Society does not contest that Poindexter’s trial counsel presented
competent evidence that the amount of reasonable attorneys’ fees incurred by
Poindexter for trial counsel’s representation of him in this lawsuit was $55,000. 
However, Poindexter also testified, without objection, that, in his successful defense
and appeal of the underlying claims brought against him by Scott, Poindexter paid
two other attorneys $5,000 each for their representation at various stages of those
proceedings. The Society did not contradict this evidence. Accordingly, we hold that
the evidence was legally sufficient to support the jury’s finding that Poindexter
incurred $65,000 in attorneys’ fees as a result of Scott’s lawsuit and his own suit for
indemnification.



          We overrule the Society’s fifth issue.
Conclusion
          We affirm the judgment of the trial court.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.